BOYD (BRIGHT v.). See Cases Nos. 1,875 and 1,876.

## Case No. 1,747.

### BOYD v. BROWN.

[3 McLean, 295;[1] 2 Robb, Pat. Cas. 203.]

Circuit Court, D. Ohio. Dec. Term, 1843.

PATENTS—WHAT IS GRANTED — PRODUCT OF PATENTED MACHINE—RIGHTS OF ASSIGNEE.

1. The exclusive grant in a patent is, the construction and use of the thing patented.

2. Where the right consists in certain instruments by which a bedstead of a particular structure is made, the structure or use of these instruments is prohibited.

[See Simpson v. Wilson, 4 How. (45 U. S.) 709; Goodyear v. The Railroad, Case No. 5,563.]

3. A patentee for a flouring mill of a certain structure has an exclusive right to make and use such mill, but he can claim no monopoly in the sale of the flour he manufactures.

4. The court will not enjoin the sale of a similar article under the same patent, in a particular district assigned to an individual, though manufactured in a different district.

In equity.

Mr. Kenna, for plaintiff.
Mr. Chase, for defendant.

OPINION OF THE COURT. The complainant [Henry Boyd] filed his bill, representing that he is the legal owner of a certain patent right, within the county of Hamilton, in Ohio, for making bedsteads of a particular construction, which is of great value to him; that the defendant, professing to have a right under the same patent, to make and vend bedsteads in Dearborn county, Indiana, which the complainant does not admit, but denies; that the defendant sends the bedsteads he manufactures to Hamilton county to sell, in violation of the complainant's patent; and he prays that the defendant may be enjoined from manufacturing the article and vending it within Hamilton county, &c.

---

[2] [From 10 Chi. Leg. News, 1.]
[3] [From 16 N. B. R. 204.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

The defendant sets up in his answer a right duly assigned to him to make and vend the article in Indiana, and that he is also possessed of an improvement on the same; and he denies that the sales in Hamilton county, complained of by the complainant, are made at his instance, or for his benefit.

A motion is now made for an injunction, before the case is prepared for a final hearing.

On the part of the complainant, it is contended, that, by his purchase of the right to make and vend the article within Hamilton county, he has an exclusive right to vend as well as to make, and that his right is infringed by the sales complained of; that his right is notorious, and is not only known to the defendant, but to all those who are engaged in the sales stated.

If the defendant, who manufactures the bedsteads in Indiana, be actually engaged in the sale of them in Hamilton county, it might be necessary to inquire whether this is a violation of the complainant's right. But, as this fact is denied in the defendant's answer, for the purposes of this motion, the answer must be taken as true, and that question is not necessarily involved.

The point for consideration is, whether the right of the complainant is infringed by a sale of the article within the limits of the territory claimed by complainant. It is not difficult to answer this question. We think that the article may be sold at any and every place, by any one who has purchased it for speculation or otherwise. There can be no doubt that the original patentee, in selling rights for counties or states, might, by a special covenant, prohibit the assignee from vending the article beyond the limits of his own exclusive right. But, in such a case, the remedy would be on the contract, and not under the patent law. For that law protects the thing patented, and not the product. The exclusive right to make and use the instruments for the construction of this bedstead in Hamilton county, is what the law secures, under his assignment, to the complainant. Any one violates this right who either makes, uses or sells these instruments within the above limits. But the bedstead, which is the product, so soon as it is sold, mingles with the common mass of property, and is only subject to the general laws of property.

An individual has a patent right for constructing and using a certain flouring mill. Now his exclusive right consists in the construction and use of this mill; the same as the right of the complainant to construct and use the instruments, in Hamilton county, by which the bedstead is made. But can the patentee of the mill prohibit others from selling flour in his district? Certainly he could not. The advantage derived from his right is, or may be, the superior quality of the flour, and the facility with which it is manufactured. And this sufficiently illustrates

the principle involved in this motion. The injunction is refused.

[NOTE. Patent No. 797 was issued to J. Lindlay, June 20, 1838. For another case involving this patent, see Boyd v. McAlpin, Case No. 1,748.]